## 20072

Richard L. GREEN, Respondent, v. TRANSCONTINENTAL GAS PIPELINE CORPORATION, Appellant.

(217 S. E. (2d) 717)

*Messrs. Watkins, Vandiver, Kirven, Long & Gable,* of Anderson, *for Appellant,* cite:

*Messrs. Anderson, Kenyon & Epps,* of Anderson, *for Respondent,* cite:

August 4, 1975.

BRAILSFORD, Acting Associate Justice:

Plaintiff sued Transcontinental Gas Pipeline Corporation for breach of its alleged contract to install a sewage lagoon on plaintiff's land as part compensation for damage to said land from the construction of a pipeline across it. The jury found for plaintiff $13,500.00, and Transcontinental has appealed on exceptions which are argued in the brief under five questions. We dispose of these seriatim.

Appellant charges that the Court erred in permitting the introduction of "plans and testimony prepared in 1973 as to a sewage lagoon in violation of the parol evidence rule."

Plaintiff relies upon an agreement with appellant's right-of-way agent, evidenced by a 1968 letter to him of the following tenor:

"In connection with a tract of land in Varennes Township, School District Number Three, County of Anderson, con-

taining a new acreage of 11,692 as shown on plat of record in the Office of Clerk of Court for Anderson County, South Carolina, in Plat Book 67 at page 222, this letter shall serve as a commitment on the part of Transcontinental Gas Pipeline Corporation to enter upon said premises and install for you a sewage lagoon at the location on said property which we have agreed upon, the size of said lagoon to measure approximately 230 feet in diameter and between 6 and 8 feet in depth. It is agreed by Transcontinental Gas Pipeline Corporation that this work will be completed in a workmanlike manner no later than thirty days from the date hereof."

At the trial plaintiff offered plans and specifications prepared by an engineer in 1973, which the engineer testified conformed with the 1968 regulations of the South Carolina Department of Health concerning the construction and installation of such a sewage lagoon. Appellant's parol evidence objection was that since the plans were prepared afterward, they could not be admitted "to support the contract." But this was not the purpose for which the evidence was offered. Instead, the 1973 plans, which were related by the engineer's testimony to applicable 1968 regulations, were used by another witness, a contractor in this field, to estimate what the cost of performance complying with 1968 regulations would have been. There was no error in overruling appellant's objection on this ground.

Appellant next complains that the trial judge refused to admit evidence as to the amounts it paid to other landowners in the same area for surface damages which "should have been admitted to establish proof of what the Defendant was thinking by way of time and money to be expended by the Defendant." Appellant relates this complaint to its contention that there was no meeting of the minds because its agent only intended to commit it to a limited amount of excavation, of the value of about $500.00 or $600.00, whereas, according to the testimony of plaintiff's contractor witness, the sewage lagoon demanded by plaintiff would have cost more than $20,000.00.

On the face of the exception, the relevance of the excluded evidence is at best doubtful, calling for a discretionary ruling by the trial judge. Furthermore, the record does not disclose what testimony of this tenor was available to appellant, and thus fails to establish prejudice from the ruling even if erroneous.

■ The third exception complains of the refusal of appellant's motion for a directed verdict on two distinct grounds; first, there was no evidence of any consideration for the contract, and, second, there was no meeting of the minds of the parties as to what appellant undertook to furnish. Since the motion for a directed verdict rested solely upon the second ground, the first raises no issue for determination on appeal. As to the second ground, we think it apparent that the letter and plaintiff's testimony required submission of this issue to the jury.

■ The fourth exception assigns as error the trial judge's response to the jury's request that he define the term sewage lagoon.

Some hour and a half after the case had been submitted to the jury, the jurors returned to the courtroom and requested that the judge define the term sewage lagoon. The judge responded by reading the following definition: "A stabilization pond with relatively shallow basin built by excavation of ground and or dike and are used for the purpose of treating raw, settled, intermediate or secondary domestic sewage affluent by storage under conditions that favor natural biological activity and accompanying bacterial digestion which reduces the waste to a stabilized state. The term stabilization pond as herein used is synonymous with the term oxidation pond or sewage lagoon." The appellant assigns this response as error on two grounds; first, it was a charge on the facts, and, second, it was irrelevant.

Failing to comprehend how this instruction, the accuracy of which is not challenged, defining a term used in the written memorandum of appellant's undertaking and frequently in

the testimony, is impeachable on either of the grounds assigned, we find no merit in the exception.

Finally, appellant complains of the court's refusal of its motion for judgment *non obstante veredicto* or for a new trial upon the ground that "the verdict was not supported by the evidence in the case." The exception is too general to raise an issue on appeal. Nevertheless, we have carefully considered the point argued thereunder in the brief and are satisfied that it is without merit.

Affirmed.

Moss, C. J., and LEWIS, LITTLEJOHN and NESS, JJ., concur.